[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant Neil J. Rich (hereafter "defendant") has filed a motion to strike count twelve of the plaintiffs complaint which alleges a violation of the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961-1968, and the CT Page 15551 state Corrupt Organizations and Racketeering Activity Act (CORA), General Statutes § 53-393 et seq., on the grounds that it falls to state a claim upon which relief can be granted. Specifically, the defendant asserts that the federal RICO claim falters because federal courts have exclusive jurisdiction in such matters and that both the federal RICO claim and the state CORA claim are insufficient because the plaintiffs have failed to allege the necessary elements of a RICO or a CORA cause of action.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations and internal quotation marks omitted.) Novametrix Medical Systems v. BOGGroup, Inc., 224 Conn. 210, 214 (1992).
The defendant asserts that the federal RICO claim must be stricken because the federal courts have exclusive jurisdiction over civil causes of action based upon RICO claims. The United States Supreme Court, however, has specifically held that state courts have concurrent jurisdiction over civil actions asserting violations of the federal RICO statute, 18 U.S.C. § 1961-1968. SeeTafflin v. Levitt, 493 U.S. 455 (1990).
The court does agree with the defendant's assertion that count twelve of the plaintiffs' complaint fails to allege the necessary elements of a federal RICO claim. A violation of18 U.S.C. § 1962(c) requires "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima v. ImrexCo. Inc., 473 U.S. 479, 496 (1985). The term "pattern" as used in the statute requires that a plaintiff show "that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." H.J. Inc. v. Northwestern BellTelephone Co., 492 U.S. 229, 239 (1989). In this case, the plaintiffs have alleged in count twelve of their complaint that the defendant Rich acted in concert with the defendant Property Pros, Inc. to fraudulently authorize payments for repairs that were not done to the plaintiffs' residence. Although multiple fraudulent acts against the plaintiffs are alleged, there is no claim of the existence or threat of a continued racketeering activity as required by the federal RICO Act.
The defendant also contends that the state CORA claim CT Page 15552 asserted in count twelve of the complaint fails to allege the necessary elements of such a claim. The court agrees that count twelve fails to state a CORA claim but on the grounds that the CORA statute does not authorize a civil action. Although CORA contains provisions authorizing court orders preventing the transfer and depletion of property, § 53-398, and the filing of liens, § 53-399, these actions may only be taken in connection with a criminal prosecution. CORA is essentially a criminal statute providing criminal penalties for its violation. Unlike its federal counterpart, the RICO Act, 18 U.S.C. § 1961-1968, Connecticut's CORA statute, General Statutes § 53-393 et seq., does not contain a provision authorizing any person injured by reason of a violation of the racketeering provisions to maintain a civil action. Compare 18 U.S.C. § 1964(c).
For the foregoing reasons, count twelve of the plaintiffs' complaint fails to state either a federal RICO claim or a state CORA claim and the motion to strike count twelve of the plaintiffs' complaint is hereby granted.
BY THE COURT
Judge Jon M. Alander